IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. BISHOP

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KENDRICK L. BISHOP, APPELLANT.

Filed April 7, 2026.    No. A-25-590.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Kristi J. Egger, Lancaster County Public Defender, and Sarah P. Newell for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, WELCH, and FREEMAN, Judges.

PIRTLE, Judge.

### INTRODUCTION

Based on a plea agreement, Kendrick L. Bishop was convicted and sentenced in the district court for Lancaster County for a violation of the Sex Offender Registration Act (SORA). He has appealed his sentence, alleging he is entitled to reconsideration of the post-release supervision portion of his sentence and that the imprisonment portion of his sentence is excessive. Based on the reasons that follow, we affirm the imprisonment portion of his sentence but vacate the post-release supervision portion and remand it for resentencing.

### BACKGROUND

Bishop is classified as a lifetime sex offender registrant based on a conviction in Texas in 2008. On June 4, 2025, Bishop was charged by information with a SORA violation, a Class IIIA felony. Pursuant to a plea agreement, Bishop pled no contest to the charge, and the State agreed

- 1 -

not to pursue any other possible SORA violations up to the date of the plea hearing. The court accepted Bishop's plea after receiving the following factual basis from the State:

> [Bishop] was on abscond status. He is classified as a lifetime registrant due to a conviction out of Texas from October of 2008.
>
> That means he has to go to the sheriff's office and verify his information every 30 days – or excuse me, every 90 days.
>
> One of the months he's required to do so is January, and he did not do so. That's why the date of offense is listed as February 1.
>
> [Bishop] was contacted here in Lancaster County, Nebraska, living in a tent near 2822 Dudley Street, on April 10 of 2025, still had not been to the sheriff's office and updated his information.
>
> He originally gave a false name, but they figured out pretty quickly who he was, and he was taken into custody.
>
> And that all occurred here in Lancaster County, Nebraska.

Thereafter, Bishop asked the court to proceed with sentencing the same day and indicated he wanted to waive his right to an updated presentence investigation report. He advised that this case arose after he was on abscond status from a series of other SORA violations and that he had already been sentenced on those cases. He wanted to keep this case on the same track as the other charges in hopes of becoming eligible for work release.

The court discussed Bishop's criminal history, including his SORA violations and other past crimes, as well as the sentences received.

The court also stated:

> This . . . seems to be kind of a problem for you. You have to register under the [SORA], or you're going to keep coming in front of people like me -- on these violations. And, boy, they're starting to stack up.
>
> So I've certainly considered the information that I have and find that imprisonment is necessary certainly for the protection of the public.
>
> I find the risk is substantial, during any period of probation, you would engage in additional criminal conduct, and I find that a lesser sentence would depreciate the seriousness of this crime and promote disrespect for the law.

The district court sentenced Bishop to 3 years' imprisonment followed by 18 months' post-release supervision, to be served consecutively to any other sentence Bishop was currently serving.

## ASSIGNMENTS OF ERROR

Bishop assigns that under *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971), "[he] is entitled to reconsideration of the post-release supervision aspect of his sentence under the recently amended version of Neb. Rev. Stat. § 28-105(1)." He also assigns that his sentence of imprisonment is excessive and constitutes an abuse of discretion.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Liech*, 320 Neb. 843, 30 N.W.3d 847 (2026). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

ANALYSIS

Randolph *Doctrine.*

Bishop first argues that based on the *Randolph* doctrine, he is entitled to reconsideration of the post-release supervision portion of his sentence under the recently amended version of § 28-105(1). The State agrees.

Bishop was convicted of a Class IIIA felony. At the time of his offense and at the time of his sentencing, Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2024) required a minimum of 9 months' post-release supervision, and a maximum of 18 months' post-release supervision, if imprisonment was imposed. However, § 28-105(1) was amended, effective September 3, 2025, and now provides that there is no minimum requirement of post-release supervision for Class IIIA felonies. See § 28-105(1) (Supp. 2025). The maximum for post-release supervision remained at 18 months, and the penalty range for imprisonment was unchanged.

Under the *Randolph* doctrine, when the Legislature amends a criminal statute by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature specifically provided otherwise. *State v. Guardiola*, 32 Neb. App. 915, 8 N.W.3d 253 (2024). See, also, *State v. Randolph, supra*. The *Randolph* doctrine does not apply if the Legislature created a new crime rather than merely changing the penalty for an existing crime, which we do not have here. See *State v. Guardiola, supra*. For purposes of the *Randolph* doctrine, if a defendant appeals his or her sentence, then the sentence is not a final judgment until the entry of a final mandate. See *State v. Guardiola, supra*. After Bishop was sentenced on July 14, 2025, he timely filed an appeal, and thus, his sentence was not a final judgment for purposes of determining the applicability of the amended statute.

The penalty provision under which Bishop was sentenced was modified prior to the final disposition of his case and under the *Randolph* doctrine, he is entitled to receive the benefit of the lesser sentencing range. The applicable post-release supervision range for Bishop, based on § 28-105(1) as amended in 2025, is a maximum of 18 months and no minimum, rather than a maximum of 18 months and a minimum of 9 months.

During the sentencing hearing, Bishop's counsel noted the recent statutory amendment that eliminated mandatory post-release supervision for Class IIIA felonies. However, Bishop's counsel further noted that the change in the statute did not go into effect until September 3, 2025, so there was still a requirement for post-release supervision. The court indicated it agreed with counsel. Therefore, it seems the court believed it was required to order a term of post-release supervision. However, based on the amendments to § 28-105(1) and the *Randolph* doctrine, the court could still order up to 18-months' post-release supervision, but there was no required minimum amount. That being said, the court's sentence of 18 months' post-release supervision was not wrong on its face, but we do not know if the court would have required any post-release supervision if it had known

it did not have to. We therefore vacate the post-release supervision portion of Bishop's sentence and remand the cause for resentencing on that portion.

*Excessive Sentence.*

Bishop assigns that the district court abused its discretion by imposing an excessive sentence of imprisonment. Bishop argues that the district court failed to adequately and properly consider his mentality and background, including his struggle with mental health issues and substance abuse, and that he had endured significant trauma.

A Class IIIA felony is punishable by a maximum of 3 years' imprisonment. See § 28-105. The district court sentenced Bishop to 3 years' imprisonment. The sentence imposed was within the statutory limits and we therefore review the sentence for an abuse of discretion.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The sentence imposed by the district court is not an abuse of discretion. The court had limited information to consider, based on Bishop's request to be sentenced the same day as the plea hearing and his waiver of his right to an updated presentence investigation report. Bishop's counsel made the court aware that Bishop had struggled with mental health and substance abuse issues and had a "significant trauma background." The record shows the court considered the limited information available to it, which included Bishop's personal circumstances and his criminal history. The court did not consider any inappropriate or irrelevant factors. This assignment of error fails.

## CONCLUSION

We conclude the district court did not abuse its discretion in imposing a sentence of 3 years' imprisonment and that portion of his sentence is affirmed. We further conclude that Bishop is entitled to have the post-release supervision portion of his sentence reconsidered under the current version of § 28-105(1). Accordingly, we vacate the post-release supervision portion of his sentence and remand it for resentencing.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.